IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC,<br><br>   Plaintiff,<br><br> v.<br><br>MIKU INC,<br><br>   Defendant. | Case No. 3:22-cv-02946-GC-RLS<br><br>JURY TRIAL DEMANDED |

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

  Miku Inc. ("Defendant" or "Miku") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Rothschild Broadcast Distribution Systems, LLC's ("Plaintiff" or "RBDS") Complaint for Patent Infringement ("Complaint"). Miku denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.

**PARTIES**

  1. Miku is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and, on that basis, denies the allegations of Paragraph 1 of the Complaint.

  2. Miku admits it is a Delaware corporation, with a place of business at 10 Woodbridge Center Drive, Woodbridge Township, NJ 07095 and that it may be served through its agent, Incorporating Services, Ltd., 3500 S. Dupont Hwy, Dover, DE 19901. Miku denies any remaining allegations in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Miku admits the Complaint purports to set forth an action for patent infringement, but Miku denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Miku denies any remaining allegations in Paragraph 3 of the Complaint.

4. Miku admits this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff has alleged infringement of a patent, but Miku denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Miku denies any remaining allegations in Paragraph 4 of the Complaint.

5. Miku does not contest whether personal jurisdiction over it properly lies in this District in this action. Miku denies the remaining allegations of Paragraph 5 of the Complaint.

6. Miku denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Miku denies any remaining allegations in Paragraph 6 of the Complaint.

7. Miku does not contest that venue may be proper in this District in this action. Miku denies it has committed or is committing acts of infringement and, on that basis, denies any remaining allegations of Paragraph 7 of the Complaint.

## [ALLEGED] BACKGROUND

8. Miku admits the '221 Patent speaks for itself but denies any characterizations inconsistent therewith and, on that basis, denies any remaining allegations in Paragraph 8 of the Complaint.

9. Miku is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and, on that basis, denies the allegations of Paragraph 9 of the Complaint.

10. Miku is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and, on that basis, denies the allegations of Paragraph 10 of the Complaint.

11. Miku admits the '221 Patent contains thirteen claims, including two independent claims (claims 1 and 7) and eleven dependent claims.

## COUNT ONE
### ([Alleged] Infringement of United States Patent No. 8,856,221)

12. Miku refers to and incorporates the allegations in Paragraphs 1 - 11, the same as if set forth herein.

13. Miku admits the Complaint purports to set forth an action for patent infringement, but Miku denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Miku denies any remaining allegations in Paragraph 13 of the Complaint.

14. Miku denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Miku denies any remaining allegations in Paragraph 14 of the Complaint.

15. Miku admits the '221 Patent speaks for itself but denies any characterizations inconsistent therewith and, on that basis, denies any remaining allegations in Paragraph 15 of the Complaint.

16. Miku denies the allegations in Paragraph 16 of the Complaint.

17. Miku denies the allegations in Paragraph 17 of the Complaint.

18. Miku denies the allegations in Paragraph 18 of the Complaint.

19. Miku denies the allegations in Paragraph 19 of the Complaint.

20. Miku denies the allegations in Paragraph 20 of the Complaint.

21. Miku denies the allegations in Paragraph 21 of the Complaint.

22. Miku denies the allegations in Paragraph 22 of the Complaint.

23. Miku denies the allegations in Paragraph 23 of the Complaint.

24. Miku admits it sells the Miku security camera. Miku denies it has committed or is committing acts of infringement. Miku denies any remaining allegations in Paragraph 24 of the Complaint.

25. Miku denies the allegations in Paragraph 25 of the Complaint.

26. Miku denies the allegations in Paragraph 26 of the Complaint.

27. Miku denies the allegations in Paragraph 27 of the Complaint.

28. Miku denies the allegations in Paragraph 28 of the Complaint.

29. Miku denies the allegations in Paragraph 29 of the Complaint.

30. Miku denies the allegations in Paragraph 30 of the Complaint.

31. Miku denies the allegations in Paragraph 31 of the Complaint.

32. Miku denies the allegations in Paragraph 32 of the Complaint.

33. Miku denies the allegations in Paragraph 33 of the Complaint.

34. Miku denies the allegations in Paragraph 34 of the Complaint.

35. Miku denies the allegations in Paragraph 35 of the Complaint.

36. Miku denies the allegations in Paragraph 36 of the Complaint.

37. Miku admits Exhibit A purports to be a copy of the '221 Patent. Miku admits the '221 Patent speaks for itself. Miku denies any remaining allegations in Paragraph 37 of the Complaint.

38. Miku denies the allegations in Paragraph 38 of the Complaint.

39. Miku denies the allegations in Paragraph 39 of the Complaint.

40. Miku denies the allegations in Paragraph 40 of the Complaint.

41. Miku is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint, and, on that basis, denies the allegations of Paragraph 41 of the Complaint.

42. Miku denies the allegations in Paragraph 42 of the Complaint.

## [PLAINTIFF'S] DEMAND FOR JURY TRIAL

43. Miku is not required to provide a response to Plaintiff's demand for a jury trial.

## [PLAINTIFF'S] PRAYER FOR RELIEF

Miku denies Plaintiff is entitled to any relief from Miku and denies all the allegations contained in Paragraphs (a)-(d) of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Miku's Affirmative Defenses are listed below. Miku reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this action.

## FIRST AFFIRMATIVE DEFENSE

Miku has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '221 Patent.

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the '221 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to any of the '221 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or

otherwise give proper notice that Miku's actions allegedly infringe the '221 Patent, Miku is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '221 Patent.

### FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff asserts that Miku indirectly infringes, either by contributory infringement or inducement of infringement, Miku is not liable to Plaintiff for the acts alleged to have been performed before Miku knew that its actions would cause indirect infringement.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's attempted enforcement of the '221 Patent against Miku is barred by one or more of the equitable doctrines of estoppel, acquiescence, waiver, and unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

The claims of the '221 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by Miku.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the '221 Patent does not claim patentable subject matter.

### EIGHTH AFFIRMATIVE DEFENSE

Should Miku be found to infringe any valid, enforceable claim of the '221 Patent, such infringement was not willful.

### MIKU'S COUNTERCLAIMS

For its counterclaims against Plaintiff Rothschild Broadcast Distribution Systems, LLC ("RBDS"), Counterclaim Plaintiff Miku Inc. alleges as follows:

## PARTIES

1. Counterclaim Plaintiff Miku is a Delaware corporation with a principal place of business at 10 Woodbridge Center Drive, Ste. 525, Woodbridge Township, NJ 07095.

2. Upon information and belief based solely on Paragraph 1 of the Complaint as pled by Plaintiff, Counterclaim Defendant RBDS is a limited liability company organized and existing under the laws of the State of Texas, and maintains a place of business at 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

## JURISDICTION

3. Miku incorporates by reference Paragraphs 1–2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 et seq., and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. RBDS has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6. Based solely on RBDS's filing of this action, venue is proper, though not necessarily convenient, in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I
## DECLARATION REGARDING NON-INFRINGEMENT

7. Miku incorporates by reference Paragraphs 1–6 above.

8. Based on RBDS's filing of this action and at least Miku's First Affirmative Defense, an actual controversy has arisen and now exists between the parties as to whether Miku infringes U.S. Patent No. 8,856,221 (the "'221 Patent").

9. Miku does not infringe at least Claim 7 of the '221 Patent because, among other things, it does not make, use, offer to sell, sell, or import any method or system that "receiv[es] a

request message including media data," "wherein the media data includes time data that indicates a length of time to store the requested media content."

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Miku requests a declaration by the Court that Miku has not infringed and does not infringe any claim of the '221 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II
## DECLARATION REGARDING INVALIDITY

11. Miku incorporates by reference Paragraphs 1–10 above.

12. Based on RBDS's filing of this action and at least Miku's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '221 Patent.

13. The asserted claims of the '221 Patent are anticipated and/or rendered obvious by, *inter alia*, U.S. Pat. No. 9,898,500 and U.S. Patent Appl. No. 13/269,614.

14. U.S. Pat. No. 9,898,500 teaches or suggests "techniques and systems for storage, delivery and acquisition of digital assets stored in cloud data storage." '500 Pat., Abstract.

15. U.S. Patent Appl. No. 13/269,614 teaches or suggests "[d]elivering dynamic media content to a client on a client device" wherein clients "initiate requests" and "download" information from "data server units." '614 Appl., Abstract.

16. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Miku requests a declaration by the Court that claims of the '221 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, Miku asks this Court to enter judgment in Miku's favor and against RBDS by granting the following relief:

a) a declaration that the '221 Patent is invalid;

b) a declaration that Miku does not infringe, under any theory, any valid claim of the '221 Patent that may be enforceable;

c) a declaration that the '221 Patent is unenforceable;

d) a declaration that RBDS take nothing by its Complaint;

e) judgment against RBDS and in favor of Miku;

f) dismissal of the Complaint with prejudice;

g) a finding that this action is an exceptional case under 35 U.S.C. § 285 and an award to Miku of its costs and attorneys' fees incurred in this action; and

h) further relief as the Court may deem just and proper.

## JURY DEMAND

Miku hereby demands trial by jury on all issues.

Dated: June 30, 2022

Respectfully submitted,

By: */s/ Warren K. Mabey, Jr.*
Warren K. Mabey, Jr. (#014592010)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-5070
Facsimile: (302) 652-0607
mabey@fr.com

Neil J. McNabnay (*pro hac vice* forthcoming)
Ricardo J. Bonilla (*pro hac vice* forthcoming)
Michael A. Vincent (*pro hac vice* forthcoming)
1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)
macnabnay@fr.com
rbonilla@fr.com
vincent@fr.com

**COUNSEL FOR DEFENDANT
MIKU INC.**